# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DANNY REED,**
**Claimant Below, Petitioner**

**FILED**

July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0227** (BOR Appeal No. 2053516)
                (Claim No. 2016022754)

**UNITED COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danny Reed, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). United Coal Company, LLC, by Counsel H. Toney Stroud, filed a timely response.

The issue on appeal is the amount of impairment Mr. Reed sustained due to occupational pneumoconiosis. The claims administrator granted Mr. Reed a 0% permanent partial disability award for OP on September 8, 2016. On September 26, 2018, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated February 11, 2019, in which the Board of Review affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 18, 2016, Mr. Reed filed an application for occupational pneumoconiosis benefits. In his application, he indicated that he was last exposed to hazardous dust on September 11, 2014, when he stopped working due to a work-related back injury. Mr. Reed's employment history consists mostly of jobs within mining and construction industries. He was evaluated by A. Mirza, M.D., of the New River Breathing Center on January 18, 2016. Ventilatory studies showed a pre-bronchodilator FVC of 92% of predicted, an FEV1 of 95%, and an actual FEV1/FVC of 79. Dr. Mirza diagnosed Mr. Reed with occupational pneumoconiosis and completed the Physicians' Report of Occupational Pneumoconiosis on February 23, 2016. By claims administrator's Order

1

dated March 23, 2016, the claim was held compensable for occupational pneumoconiosis on a non-medical basis but Mr. Reed was not entitled to the presumption that any chronic respiratory disability resulted from his employment[1].

Mr. Reed was examined by the Occupational Pneumoconiosis Board ("OP Board") on July 21, 2016. An x-ray impression of Mr. Reed's chest showed insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. Pulmonary function and diffusion studies were performed and previous records were reviewed. The ventilator studies conducted were within normal limits. The diffusion study showed a DLCO of 70% predicted. The study also indicated that Mr. Reed had once been a smoker. At the time of testing, his carboxyhemoglobin level was 1.8. The OP Board could not make a diagnosis of occupational pneumoconiosis and opined that he had 0% pulmonary function impairment. On September 8, 2016, the claims administrator issued an Order granting no award based upon the findings of the OP Board. Mr. Reed protested the claims administrator's decision.

In support of his protest, Mr. Reed provided an affidavit on October 10, 2016, explaining that he was exposed to hazardous dust on a daily basis while working for Infinity Coal as an electrician from June 4, 2012, to September 11, 2014, and for WV Mine Power as an electrician in the coal mining industry from 2007 to 2012. He was also exposed to saw dust on a daily basis while working as a lead cut man for Excel Homes from 2002 to 2007. Mr. Reed also stated that he was intermittently exposed to dust while working in several other jobs over the years. He stated that he believes that he was exposed to occupational dust hazards for at least ten of the fifteen years immediately preceding his date of last exposure.

An OP Board hearing was held on July 18, 2018, wherein the OP Board provided testimony. Johnsey L. Leef Jr, M.D., the OP Board's radiologist, testified that he did not see any pathology in the x-rays that would indicate or correspond with a history of hazardous dust exposure. Jack L. Kinder, M.D., Chairman of the OP Board, testified that there was an abnormality on Mr. Reed's diffusion study that would indicate approximately 10% impairment. However, Dr. Kinder opined that there was insufficient evidence to justify a diagnosis of occupational pneumoconiosis.

By Order dated September 26, 2018, the Office of Judges affirmed the decision of the claims administrator granting no award for occupational pneumoconiosis. The Office of Judges noted that the OP Board is charged with determining all medical questions relating to occupational pneumoconiosis cases and is to be given great deference in their decisions. Because the OP Board

---

[1] A protestable non-medical Order was issued on March 23, 2016, finding that Mr. Reed was not entitled to the presumption that any chronic respiratory disability resulted from his occupational exposure. Mr. Reed did not protest the claims administrator's non-medical Order. The time limitation for non-medical findings contained in W. Va. Code § 23-4-15(b) is a condition of the right to litigate the findings, and thus is jurisdictional. On November 17, 2016, Mr. Reed requested that the claims administrator reconsider the non-medical ruling of March 23, 2016. Because he did not file a protest to the claims administrator's Order of March 23, 2016, the non-medical determination constitutes the current law governing this case.

concluded, in consideration of the non-presumptive status of Mr. Reed's current application for benefits, that there is insufficient evidence attributable to occupational impairment, the Office of Judges affirmed the claims administrator's decision. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 11, 2019.

After review, we agree with the decision of the Board of Review. The OP Board found that Mr. Reed does not have impairment attributable to occupational pneumoconiosis. The evidence submitted by Mr. Reed does not support a position that the findings or conclusions of the OP Board are clearly wrong.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman

3